**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| MICHAEL MATHIS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:16-cv-00059 |
| | : | |
| YASMEEN BACON, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

On February 3, 2014, Petitioner was charged with possession of financial transaction card forgery devices in Bibb County, in violation of O.C.G.A. 16-9-34(a). See Doc. 11-1. On May 18, 2015, Petitioner entered a plea of guilty pursuant to his plea agreement and was sentenced to three years on probation. See Doc. 11-3. On February 8, 2016, Petitioner executed this federal petition, challenging his Bibb County guilty plea. Doc. 1. In his original petition, Petitioner states that he did not enter a guilty plea to "any of the charges that [he] was arrested for." Doc. 1, p. 2. Instead, he claims his plea was involuntary due to pressure from the judge, the district attorney, and the public attorney. Doc. 4, p. 3. Specifically, he states:

> I was not given the opportunity for a Motion hearing or trial because Judge Ennis, Assistant District Attorney Tisdale, and my public defender had my back up against the wall. They told me the only way I was going to get out of jail was to take the plea deal. They told me if I didn't take the plea deal they were going to let me sit in jail for a long time.

Doc. 4, p. 3. He also informs the Court that he did not exhaust his state remedies because "Judge Ennis, District Attorney Mrs. Tisdale, and my court appointed attorney did not allow me the opportunity to do so." Doc. 4, p. 1. Respondent filed a Motion to Dismiss Petitioner's petition for lack of exhaustion. Doc. 10.

**EXHAUSTION**

Federal courts may not consider a petition for writ of habeas corpus filed on behalf of a person in state custody unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also *Rose v. Lundy*, 455 U.S. 509 (1982). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. C*astille v. Peoples*. 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A state habeas corpus petitioner who fails to exhaust his federal claims properly in state court is "procedurally barred from pursuing the same claim in federal court ...." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999).

Petitioner's petition must be dismissed because nothing in the record suggests Petitioner would be prevented from pursuing relief on his claim in the state habeas proceedings, and Petitioner must pursue those available remedies before filing a federal habeas petition. Pursuant to O.C.G.A. § 9-14-42, a state habeas action challenging a felony, other than a conviction for which a death sentence has been imposed, may be filed within four years from the date of final judgment of conviction. Petitioner was convicted under O.C.G.A. § 16-9-34(a), a felony, on June 3, 2015. See Doc. 11-3. Petitioner had thirty days from that date to appeal his conviction. See O.C.G.A. § 5-6-38(a). Since Petitioner did not appeal his conviction, his judgment became final on Friday, July 3, 2015, and he has until Wednesday, July 3, 2019, to file his state habeas action.

Further, any attempt to circumvent the state habeas process and appeal directly to the federal courts is specifically proscribed by AEDPA and the Eleventh Circuit.[1]

Petitioner asserts that he has not exhausted his state remedies because Judge Ennis, the Bibb County District Attorney, and his court appointed attorney did "not allow him the opportunity to" exhaust. Petitioner does not allege any specific facts, however, to show that these persons impeded his filing of his state habeas action, nor does he describe a situation that would entitle this Court to hear his claims. Such situations have been shown where a petitioner has been denied access to legal materials in prison or instances in which a court has simply refused to file a habeas petition that has been mailed to it. *Krause v. Thaler*, 637 F.3d 558 (5th Cir. 2011); ; *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009); *Wood v. Spencer*, 487 F.3d 1, 6 (1st Cir. 2007); *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006). Because Petitioner is not incarcerated and has not presented evidence that any state court has refused to file a habeas petition, the instant petition must be denied.[2]

Neither can this Court stay and abey the instant petition as it has no discretion to stay a wholly unexhausted petition. See *Rose*, 455 U.S. 509. In *Rose,* the Supreme Court held that a federal district court must dismiss a state petitioner's habeas corpus petition containing both unexhausted and exhausted claims. *Id.* Following the passage of AEDPA in 1996, the Supreme Court and the Eleventh Circuit both recognized that staying a mixed habeas petition is in the

---

[1] The Court notes that even if Petitioner does exhaust his state remedies, he will be precluded from filing a federal habeas petition in the future—barring entitlement to equitable tolling—as the strict one-year limitations period for habeas corpus relief under 28 U.S.C. § 2254 ran out on July 3, 2016. 28 U.S.C. § 2244(d)(1) and (d)(2); see *Smallwood v. Sec'y, Dep't of Corr.*, 178 Fed. App'x. 944, 945 (11th Cir. 2006) (recognizing that Section 2244(d)(2) "does not toll the limitation period during the pendency of [[Petitioner's] first] federal habeas petition." (quoting *Duncan v. Walker*, 533 U.S. 167, 181 (2001))).

[2] In any event, such an argument is applicable to equitable tolling, not to exhaustion. See *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(B)); see also *Arthur*, 452 F.3d at 1249 (explaining that if a petitioner is "prevented from filing his federal habeas corpus petition as a result of 'illegal state action,' the limitation period will not begin to run until the state impediment is removed"); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (explaining that "[t]he limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and file habeas petitions by denying access to legal materials"); *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003).

discretion of the district court. See *Duncan v. Walker*, 533 U.S. 167, 182–83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part and in the judgment) (explaining that "although the Court's pre-AEDPA decision in *Rose v. Lundy* prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending complete exhaustion of state remedies").[3] However, neither the Eleventh Circuit nor the Supreme Court have extended *Rhines* to a wholly unexhausted petition. Accordinly, Petitioner's petition must be dismissed.[4]

## CONCLUSION

Because all Petitioner's grounds are unexhausted, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 10) be **GRANTED**, and Petitioner's Section 2254 petition be **DISMISSED.** Additionally, pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14)

---

[3] See also *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (O'Connor, J., concurring; Stevens, J. and Souter, J., concurring in judgment; and Ginsburg, J. and Breyer, J., dissenting) (explaining that although the Court did not directly address the propriety of the Ninth Circuit's stay and abeyance procedure, the staying of a mixed petition is appropriate when an outright dismissal could jeopardize the timeliness of a collateral attack); *Thompson v. Sec'y for the Dept. of Corr.*, 320 F.3d 1228, 1229 (11th Cir. 2003) ("[e]ven if we assume for the sake of discussion, that the district court had discretion not to dismiss the mixed petition, we conclude there was no abuse of that discretion.").

[4] Even if *Rhines* did apply to a wholly unexhausted petition, Plaintiff would not be entitled to a stay and abeyance under it. "Stay and abeyance is only appropriate" if: (1) the petitioner had good cause for his failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in abusive litigation practices or intentional delay. See *Rhines*, 544 U.S. at 277-78. As noted above, Plaintiff has not shown good cause for failure to exhaust his claims and thus cannot meet the first factor of *Rhines*.

<u>DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 29th day of July, 2016.

                                       s/ Charles H. Weigle
                                       Charles H. Weigle
                                       United States Magistrate Judge